United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20547
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SERVANDO BENITO-NUNEZ, also known as Esias,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-446-2
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Servando Benito-Nunez (Benito) pleaded guilty to aiding and
abetting the harboring (Counts 1 through 3) and transportation
(Counts 4 through 6) of aliens for the purpose of commercial
advantage and private financial gain and to conspiracy to commit
hostage-taking (Count 7).  He was sentenced to 120 months of
imprisonment on Counts 1 through 6 and 210 months of imprisonment
on Count 7, to run concurrently; three years of supervised
release on Counts 1 through 6 and five years of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release on Count 7, to run concurrently; and a $700 special assessment that was ordered remitted by the district court on the Government's motion.

Benito argues on appeal that under United States v. Booker, 125 S. Ct. 738 (2005), the district court reversibly erred in increasing his offense level based on facts that were not alleged in the indictment or admitted by him. Because Benito did not raise these constitutional arguments in the district court, this court's review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The district court's enhancement of Benito's sentence pursuant to a mandatory Sentencing Guidelines scheme based on facts that were not alleged in the indictment or admitted by him constituted error that was plain. See id. at 520-21. However, his sentence at the low end of the guideline range does not alone indicate that the district court would have sentenced him differently under an advisory sentencing scheme. See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). Furthermore, nothing in the sentencing transcript indicates that the district court would sentence him differently if application of the Guidelines were not mandatory. Accordingly, Benito has failed to show that the district court's plain error affected his substantial rights. See Mares, 402 F.3d at 520-21.

AFFIRMED.